IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. ELIZAVETA SHABALINA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL CHERTOFF, Director of )<br>the DEPARTMENT OF HOMELAND )<br>SECURITY ) | FILED: MAY 8, 2008<br>08CV2682        LI<br>JUDGE   LEINENWEBER<br>MAGISTRATE   JUDGE ASHMAN |

### COMPLAINT

1.  This is an action seeking to compel the Department of Homeland Security to adjudicate plaintiff's long-pending application for permanent resident status in the United States.

2. This court has jurisdiction of this matter under 28 U.S.C. 1331.

3.  Plaintiff resides within the Northern District of Illinois.

4.  Defendant Michael Chertoff is Director of the United States Department of Homeland Security.  One of the divisions of that department is the United States Citizenship and Immigration Service, which has jurisdiction over plaintiff's immigration application.

5.  Plaintiff Dr. Elizaveta Shabalina (sometimes spelled Chabalina) is a physicist employed by the University of Illinois who conducts research at Fermi National

Laboratory. Her case number is A99 338 810. She has been classified as an individual whose work is in the National Interest of the United States.

7. Plaintiff filed an application for adjustment of status with USCIS's Nebraska Service Center on December 20, 2005 (receipt number LIN-06-061-50728). On November 21, 2006 the application was transferred to USCIS's Chicago office. On January 10, 2007, Dr. Shabalina was interviewed by a USCIS officer in Chicago. The officer advised her that her case could not be finally adjudicated because security checks were not completed on her case.

7. On February 4, 2008, the USCIS changed its long-standing policy that required security checks before an adjustment of status application could be approved. The new policy stated that adjustment of status applications should be adjudicated if a security check has not been completed within 6 months of the first request.

8. Based on this new policy, in the last three months USCIS has adjudicated numerous applications that had been pending for security checks.

9. Plaintiff's application has not been adjudicated, however.

10. On information and belief, the delay in adjudicating plaintiff's application is due to an identity mix-up regarding plaintiff. The evidence for this belief is the following:

   a. Plaintiff in the past has been closely questioned

2

about her identity when entering the United States;

    b.   Plaintiff's adjustment of status application was transferred to the Chicago USCIS office for interview, when such interviews are extremely rare for applicants applying for permanent residency status through their employment;

    c.   A separate application to extend plaintiff's H-1B visa status filed by her employer on February 16, 2007 (more than 15 months ago) has not been adjudicated, when such applications are normally adjudicated within 2-3 months. That application has receipt number WAC-07-095-50747.

    d.   In response to the employer's inquiry regarding that application, USCIS stated that the case was pending a security check. Nevertheless, more than 15 months have elapsed and still no decision has been made on that application.

    e.   Plaintiff obtains an FBI security clearance each year due to her work at Fermi National Laboratory, yet somehow USCIS has (mistakenly) identified some security issue relating to her background.

    11.   USCIS indicates on its website that it is processing adjustment of status actions filed before July 2007, yet it has not adjudicated plaintiff's application which was filed on December 20, 2005.

    12.   To paraphrase Marcellus: "Something is rotten in the USCIS."

**CLAIM FOR RELIEF**

13. The Administrative Procedures Act, 5 U.S.C. section 706(1) provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

14. The inordinately long 2.5 year processing time for plaintiff's application for adjustment of status is unreasonable.

**REQUEST FOR RELIEF**

Wherefore, plaintiff requests that the Court:

A. Order defendant to adjudicate plaintiff's application for adjustment of status;

B. Grant plaintiff her reasonable attorney fees and costs of this actions;

C. Order such other relief as is appropriate.

/s/ David Rubman

_____
Attorney for Plaintiff

David Rubman
Kristen A. Gomez Harris
Rubman and Compernolle
53 W. Jackson Blvd.
Suite 750
Chicago, IL 60604
(312) 341-1907

4